Arriola-Perez v. Garland

BIA
Fowler, IJ
A209 240 418

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of November, two thousand twenty-two.

PRESENT:
>     GERARD E. LYNCH,
>     RAYMOND J. LOHIER, JR.,
>     STEVEN J. MENASHI,
>           *Circuit Judges.*

_____

JAIME DE JESUS ARRIOLA-PEREZ,
>     *Petitioner*,

v.                                                     20-2976
                                                       NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
>     *Respondent*.

_____

FOR PETITIONER:              Stephen K. Tills, Esq., Orchard
                             Park, NY.

FOR RESPONDENT:              Brian Boynton, Acting Assistant
                             Attorney General; John S. Hogan,

Assistant Director; Stefanie A. Svoren-Jay, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jaime De Jesus Arriola-Perez, a native and citizen of Guatemala, seeks review of an August 7, 2020, decision of the BIA affirming an August 14, 2019, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Jaime De Jesus Arriola-Perez*, No. A209 240 418 (B.I.A. Aug. 7, 2020), *aff'g* No. A209 240 418 (Immig. Ct. Buffalo Aug. 14, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented and modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. "[T]he

2

administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). "Accordingly, we review the agency's decision for substantial evidence and must defer to the factfinder's findings based on such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. . . . By contrast, we review legal conclusions de novo." *Singh v. Garland*, 11 F.4th 106, 113 (2d Cir. 2021) (internal quotation marks omitted).

As an initial matter, the agency did not err in rejecting Arriola-Perez's argument that his Notice to Appear ("NTA") was insufficient to vest jurisdiction with the IJ because it did not include the date and time of his initial hearing. Arriola-Perez received a subsequent hearing notice providing the missing information and appeared in immigration court. *See Banegas Gomez v. Barr*, 922 F.3d 101, 112 (2d Cir. 2019) ("[A]n NTA that omits information regarding the time and date of the initial removal hearing is nevertheless adequate to vest jurisdiction in the Immigration Court, at least so long as a notice of hearing specifying this information is later sent to the alien."); *see also Chery v. Garland*, 16 F.4th

3

980, 987 (2d Cir. 2021) (clarifying that "*Banegas Gomez* remains good law" following *Niz-Chavez* v*. Garland*, 141 S. Ct. 1474 (2021)).

Arriola-Perez has not otherwise adequately raised any issues for review. He does not address his CAT claim, and his one sentence argument regarding the agency's grounds for denying asylum and withholding of removal is not adequate to present the issue for judicial review. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (deeming a claim abandoned when the petitioner "devote[d] only a single conclusory sentence to the argument").

Even if he had adequately argued his particular social group claim, the agency did not err in concluding that his proposed group was not cognizable. To obtain asylum or withholding of removal, an applicant must establish a nexus to a protected ground, here a "particular social group." 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A). A particular social group must be "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Paloka v. Holder*, 762 F.3d 191, 196 (2d Cir.

4

2014) (*quoting Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014)); *see also Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 72-74 (2d Cir. 2007). To be particular, a group "must be defined by characteristics that provide a clear benchmark for determining who falls within the group" and "must . . . be discrete and have definable boundaries—it must not be amorphous, overbroad, diffuse, or subjective." *Paloka*, 762 F.3d at 196 (quoting *M-E-V-G-*, 26 I. & N. Dec. at 239). "To be socially distinct, a group . . . must be perceived as a group by society." *Id.* (quoting *M-E-V-G-*, 26 I. & N. Dec. at 240).

Arriola-Perez's group, "young males in Guatemala who are being threatened to join the gangs due to their vulnerability as young men in Guatemala," fails because it is "defined exclusively by the claimed persecution," namely the recruitment by gangs. *Matter of M-E-V-G-*, 26 I. & N. Dec. at 232. "Persecutory conduct aimed at a social group cannot alone define the group, which must exist independently of the persecution." *Paloka*, 762 F.3d at 196 (quoting *Matter of W-G-R-*, 26 I. & N. Dec. 208, 215 (B.I.A. 2014)). The group is also not sufficiently particular because the parameters do

5

not "provide a clear benchmark for determining who falls within the group," as young males could encompass large swaths of the population and vulnerability can be subjective. *Id.* (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. at 239). And the fact that the gang targeted him is not alone evidence of social distinction because the relevant inquiry is society's perception, not the persecutor's perception. *Id.*

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court